UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENAN ALLEN (#382599)                                    CIVIL ACTION

VERSUS

                                                         NO. 19-34-SDD-RLB

JAMES LEBLANC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2019.

                                    _____
                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENAN ALLEN (#382599)**                        **CIVIL ACTION**

**VERSUS**

                                                               **NO. 19-34-SDD-RLB**

**JAMES LEBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James M. LeBlanc, Darry Vannoy, Joseph Lamartiniere, Sgt. Snowden, Butch H. Browning, and Jimmy Guidry alleging that he has been subject to unconstitutional conditions of confinement. The plaintiff is seeking monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: Camp D is operating above the designated capacity of 63 inmates and is now housing 96 inmates in double bunks which are spaced approximately 24 inches apart. The space per inmate has been greatly reduced from the mandated 48 square feet per inmate.

All 96 inmates must share five toilets, five sinks, one urinal, six showers, and one water fountain. There is no hot water in the sinks, and most have drainage problems. Due to the small size of the bathroom and the large number of inmates, the inmates must maneuver their naked bodies around other inmates using the bathroom facilities.

The lack of space has resulted in an increased level of hostility and tension between the inmates. On September 15, 2018, the plaintiff was attacked from behind by an unknown person resulting in injuries to his right eye, left pinkie finger, and right ring finger. Following the attack, the plaintiff staggered to the control booth where he observed defendant Sgt. Snowden and two other officers talking and laughing. Upon seeing the plaintiff, defendant Sgt. Snowden

activated her beeper. The unit was locked down, and the plaintiff was taken by ambulance for treatment.

The assailant, later identified as inmate Jacobie Wilson, was let in the dormitory by defendant Sgt. Snowden. Offender Wilson's presence went unnoticed since defendant Sgt. Snowden allowed the other two officers in the control booth to abandon their posts, further reducing the ratio of security to inmates to less than the current 1 to 192 and leaving the dorm to be monitored only by way of an inadequate camera system.

The ventilation ducts and windows are inoperable, and the only source of ventilation is an exhaust fan at the back of dorm which is inmate operated at will. Due to the poor ventilation, the plaintiff inhales foul odors and gases emanating from inmates defecating on nearby toilets, and there is no air circulation. During the winter, the windows are covered in plastic and cannot be opened, causing dry nose and sickness to spread among the inmates. Defendants LeBlanc, Vannoy, Browning, and Guidry have colluded to cover up the inhumane conditions of confinement at Camp D.

First, to the extent the plaintiff is asserting a claim against defendant Sgt. Snowden for failure to protect him from harm, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth

Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847.* The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843. It is irrelevant whether a risk comes from "a single source or multiple sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

The plaintiff has not alleged any facts which indicate deliberate indifference on the part of defendant Sgt. Snowden. Rather, the plaintiff's allegations amount to negligence on the part of defendant Sgt. Snowden rather than deliberate indifference on her part.

Turning to the plaintiff's complaints regarding his conditions of confinement, the prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second,

under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

With regards to the plaintiff's complaints of overcrowding, double-celling is constitutional, and overcrowding is not, by itself, a constitutional violation. *See Rhodes* v. *Chapman*, 452 U.S. 337, 348 ("The double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care of sanitation."); *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) (Overcrowding of persons in custody is not *per se* unconstitutional."); *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 858 (5th Cir. 1982) ("The [l]ack of space alone does not constitute cruel and unusual punishment, save perhaps the most

aggravated circumstances."). Moreover, there is no constitutional right to a single cell. *See, e.g.*, *Barber v. Quarterman*, 2010 WL 1417650 *9 (E.D. Tex.) (citing *Parker v. Currie*, 2010 WL 10924 (5th Cir. 2010) (inmate desired a single cell but was assigned to general population; no constitutional liberty interest infringed)).

As to the complained of odors worsened by the lack of adequate ventilation, the Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Simply put, the Constitution does not afford protection against mere discomfort or inconvenience. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). While the complained of odors may be unpleasant, such allegations do not constitute a constitutional violation. *See Farr v. Rodriguez,* 255 F. App'x. 925 (5th Cir. 2007) (claim of a "foul odor" caused by an inadequate ventilation system was an "inconvenience of prison life" which did not amount to the denial of the civilized measure of life's necessities or support an inference of deliberate indifference).

Turning to the plaintiff's complaints regarding the lack of temperature control, although exposure to extreme heat is actionable under certain circumstances, the plaintiff's allegations in this case fall short of what is required to establish a constitutional violation, particularly in the absence of any evidence of harm or medical complication. For example, in *Johnson v. Texas Board of Criminal Justice*, 281 F. App'x. 319 (5th Cir. 2008), the United States Court of Appeal for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's claims, finding that his allegations regarding extreme heat were "not sufficient to state a constitutional claim" because although he alleged that temperatures were "sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions

numerous times." *Id.* at 321. *See also Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition but where he "failed to present medical evidence of any significance" to support that assertion); *Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir. Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate"). In the instant matter, the plaintiff does not allege that he has suffered any heat related injuries.

Nor has the plaintiff alleged exposure to the type of extremely cold conditions that have been deemed a denial of the minimal measure of life's necessities. *See Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (finding such a denial in light of the inmate's "overnight outdoor confinement with no shelter, jacket, blanket, or source of heat as the temperature dropped and the wind blew along with the total lack of bathroom facilities for forty-nine inmates sharing a small bounded area"); *Alex* v. *Stalder,* 225 F. App'x 313, 314 (5th Cir. 2007) (reciting prisoner's nonfrivolous Eighth Amendment allegations that "he was held in very cold conditions, for an

extended period in November and December, wearing nothing but a paper gown during the daytime, and that he was ordered to remain on the cold concrete whenever he attempted to sleep on the warmer, metal bunk").

With regards to the plaintiff's allegations of an insufficient number of security personnel, the plaintiff has not alleged any increase in violence due to the alleged ratio of one security officer per 192 inmates. Nor does the plaintiff allege that he has been physically harmed in any manner due to the alleged lack of security personnel. Rather, based on the plaintiff's allegations, it appears that inmate Wilson was able to attack the plaintiff on one occasion due to the negligence of defendant Sgt. Snowden.

Nor do any of these complained of conditions considered together indicate an Eighth Amendment violation. In *Williams v. Edwards*, 547 F.2d 1206 (5th Cir. 1977) the Court concluded that conditions at LSP, consisting of insufficient cell space resulting in an inability to segregate dangerous prisoners, 270 stabbings, 20 deaths, easy inmate access to weapons, lack of security personnel to confiscate weapons, fire and safety hazards, sanitations problems including accumulation of sewage under the main kitchen and a serious rodent problem, lack of medical staff resulting in inmates administering treatments, unsanitary conditions, substandard equipment, and an untrained unlicensed pharmacist, violated the constitution. *See also Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457 (5th Cir. 1983) (Plaintiff's statements that the defendant intentionally subjected him to a cold, rainy, roach-infested facility and furnished him with inoperative, scum-encrusted washing and toilet facilities sufficiently alleged a cause of action under the Eighth Amendment). Comparatively, the plaintiff's allegations fall far short of those deemed to be a totality of conditions that violate the Eighth Amendment.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on April 22, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."